UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

WILLIAM J.R. EMBREY,

    Petitioner,

v.

J. C. HOLLAND, *Warden*,

    Respondent.

Civil Action No. 11-00047-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

William J.R. Embrey, confined in the in the Federal Correctional Institution located in Ashland, Kentucky, has filed a Petition and an Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He has paid the $5.00 filing fee.

The Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). A court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not

---

[1] On May 24, 2011, the Court directed Embrey to file an amended § 2241 petition which more succinctly summarized his claims. *See* Order, [D. E. No. 5]. Embrey complied on June 1, 2011. *See* [D. E. No. 7].

entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons below, Embrey is not entitled to relief under § 2241. His Petition and Amended Petition will be denied, and this proceeding will be dismissed.

## CLAIMS ASSERTED

Embrey challenges the legality of his federal conviction for being a felon in possession of a firearm. He argues that he possessed a constitutional right to possess a firearm for legal purposes; that the federal government has "usurped" his right, granted by the Bill of Rights, to possess a firearm; that he was denied effective assistance of counsel; and that his conviction for being a felon possession of a firearm violates the Second, Sixth, and Eighth Amendments of the United States Constitution.

## LITIGATION HISTORY
### 1. Criminal Conviction and Appeal

On May 1, 2000, Embrey pleaded guilty in federal court in Missouri to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See United States v. Embrey*, 6:98-CR003095 (W. D. Mo.) ("the Trial Court").[2] He received a 262- month sentence, plus a five-year term of supervised release.

---

[2] Prior to sentencing, Embrey attempted to set aside his guilty plea, but the Trial Court would not permit him to do so.

Embrey appealed, arguing that he should have been permitted to withdraw his guilty plea and that the felon in possession statute, § 922(g), was unconstitutional. On May 22, 2001, the Eighth Circuit affirmed Embrey's conviction and sentence, finding that the Trial Court did not abuse its discretion in determining that Embrey had failed to establish a fair and just reason to withdraw his guilty plea. *See United States v. Embrey*, 250 F.3d 1181, 1183 (8th Cir. 2001).

The Eighth Circuit also rejected Embrey's argument that § 922(g) is unconstitutional, explaining that the claim "is foreclosed by *United States v. Larry*, 126 F.3d 1077, 1078 (8th Cir.1997) (finding Section 922(g) a valid exercise of Congress' power to regulate commerce) (per curiam)." *Embrey*, 250 F.3d at 1184.

## 2. Prior Collateral Challenges

The Trial Court docket sheet reveals that Embrey unsuccessfully challenged the constitutionality of his conviction by filing a motion to vacate his sentence under 28 U.S.C. § 2255. Embrey then filed a § 2241 petition for writ of habeas corpus in the United States District Court for the Eastern District of Texas, Civil Action No. 1:02-CV-844, challenging his conviction on the grounds that § 922(g) was unconstitutional under *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001). That court disagreed and dismissed Embrey's § 2241 petition, and the Fifth Circuit Court of Appeals affirmed. *Embrey v. Morrison*, 82 F. App'x., 394 (5th Cir. 2003).

After Embrey was transferred to a federal prison in Wisconsin, he filed another § 2241 petition, asserting that the Trial Court lacked jurisdiction because the offense occurred entirely within and under the jurisdiction and sovereignty of the State of Missouri. *Embrey v. Martinez*, Civil Action No. 3:06-CV-00698 (W. D. Wis.). Embrey further argued that his conviction for being a felon in possession of a firearm was illegal under the Second Amendment, which he argued granted him the inalienable right to possess a legal firearm.

The Wisconsin District Court dismissed the § 2241 petition on the grounds that Embrey had failed to demonstrate that his remedy in the Trial Court, under § 2255, had been inadequate or ineffective to test the legality of his detention. The court explained that Embrey could not proceed under § 2241 simply because he did not prevail on his § 2255 motion, noting that the fact that he lost his § 2255 motion did not mean that the motion was an inadequate or ineffective means of testing the legality of his detention. *See Embrey v. Martinez*, 2006 WL 3626339 at *1.

The Wisconsin District Court then discussed in detail Embrey's pattern of filing repetitive, vexatious and frivolous §2241 petitions and other civil actions (then totaling 79) all over the country, in hopes of finding a federal judge who might be convinced that he had been improperly charged with, and convicted of, being a felon in possession of a firearm. The court aptly observed that Embrey was unable to take "no" for an answer to his numerous challenges, stating as follows:

4

> Petitioner Embrey may not agree with the several courts who have declined to find his current confinement unlawful, but his recourse is not to submit his arguments to as many courts across the country as he can as fast as he can. Both judges in this district have now determined that petitioner's purported § 2241 petition challenging his conviction for possession of a firearm is nothing more than a § 2255 motion improperly titled, filed in the wrong court and filed in any event without the permission of the Court of Appeals for the Eighth Circuit. It would be a disservice to the other litigants in this district to allow petitioner to usurp the attention their cases deserve. Accordingly, the clerk of court will be directed to forward to chambers for review any future habeas corpus actions petitioner submits to this court. Such lawsuits will be deemed rejected, without the need for judicial action, on the 30th day following receipt, unless the court orders otherwise.

*Embrey*, 2006 WL 3626339 at *2 (emphasis added).

Undeterred by the federal court in Wisconsin, Embrey filed yet another § 2241 petition in this Court in 2009, again arguing that his felon-in-possession conviction under § 922(g) violated the Second and Fifth Amendments of the United States Constitution. *See Embrey v. Cauley*, No. 09-CV-78-HRW (E. D. Ky.). On October 28, 2009, the undersigned dismissed Embrey's § 2241 petition, finding that for the reasons the Western District of Wisconsin discussed in *Embrey v. Martinez*, Embrey had not established that his § 2255 remedy had been inadequate and ineffective to challenge his detention. *See Embrey v. Cauley*, [D. E. No. 5].

## DISCUSSION

Embrey asserts the same challenges to his § 922(g) conviction that he unsuccessfully asserted in his previous efforts to obtain relief under § 2241: that the

5

felon-in-possession statute under which he was convicted, 18 U.S.C. § 922(g), violates the Second and Fifth Amendments of the United States Constitution.

As Embrey should know, he is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the Trial Court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment was inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Under *Charles* and *Martin*, a prisoner who attempts to show the inadequacy and ineffectiveness of his § 2255 remedy must jump a high hurdle. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758 ; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

As Embrey has been told numerous times, the § 2255 remedy is not rendered "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where, as in his case, he presented a claim in a § 2255 motion and was denied relief. *Charles*, 180 F.3d 756-758. The remedy provided under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

6

The fact that on March 5, 2006, the Trial Court denied Embrey's § 2255 motion challenging his § 922(g) conviction on various constitutional grounds does not mean that he is entitled to the extraordinary relief available under 28 U.S.C. § 2241. Simply put, Embrey has not demonstrated that his remedy under § 2255 was an inadequate and ineffective means for testing his federal detention.

Further, habeas corpus relief is unavailable to a federal prisoner whose claims have already been adversely ruled upon in a prior proceeding. *Smith v. Reno*, 3 Fed. App'x. 403 (6th Cir. 2001); *Harvey v. Eichenlaub*, No. 2:08-CV-11349, 2008 WL 1454150, at *1 (E.D. Mich. April 9, 2008); *Sandles v. Scott*, 26 F. Supp.2d 1355, 1356-57 (N.D. Ga. 1998). Embrey raises the same Second Amendment challenges to his § 922(g) conviction in this action that he unsuccessfully raised in the § 2241 petition he filed in the Western District of Wisconsin, in *Embrey v. Martinez*. Embrey is not entitled to relief from this Court under § 2241.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) William J. R. Embrey's 28 U.S.C. § 2241 Petition, [D. E. No. 2], and Amended Petition, [D. E. No. 7], are **DENIED;**

(2) This proceeding is **DISMISSED WITH PREJUDICE**; and

(3) Judgment shall be entered contemporaneously with this Memorandum

Opinion and Order in favor of the Respondent, J. C. Holland, Warden of FCI-Ashland.

This __27__ day of June, 2011.

                                            HENRY R. WILHOIT, JR.
                                            SENIOR U.S. DISTRICT JUDGE